JOHN C. THUDIUM et ux., Respondents, v. BROOK-FIELD LOAN AND BUILDING ASSOCIA-TION, Appellant.

**Kansas City Court of Appeals, February 16, 1903.**

1. **Building and Loan Associations: COMPETITIVE BIDDING: FIXED PREMIUM: STATUTORY CONSTRUCTION.** Section 1362, Revised Statutes 1899, requires that the loan shall be made to him who bids the highest premium unless the association has a by-law naming a fixed premium, and a loan let by competitive bidding under a by-law fixing a minimum premium would be held usurious.

2. ————: **FIXED PREMIUM: PAYMENT IN GROSS: INSTALL-MENTS.** A by-law requiring that the fixed premium at which loans shall be made shall be paid in advance out of the money borrowed, does not meet the requirements of section 1362, which requires such payments to be made in gross or installments.

3. ————: **NOTICE OF PAYMENT: USURIOUS LOANS: STATU-TORY CONSTRUCTION.** Section 1368, Revised Statutes 1899, requiring thirty days notice of intention to pay the loan, etc., does not apply to usurious loans.

Appeal from Linn Circuit Court.—*Hon. John P. Butler*, Judge.

AFFIRMED.

*Chas. K. Hart* for appellant.

(1) Under the Act of April 20, 1895, which is carried forward into the revision of 1899 as article 10 of chapter 12, no competitive bidding is necessary in order to render a premium charged by a loan association a legal charge. Sections 1363 and 1364, art. 10, chap. 12,

R. S. 1899. Covey v. Loan Association (not yet reported).
(3) The demurrers to the evidence offered by the appellant at the close of the respondent's case, and at the close of all the evidence, should have been sustained for the reason that there is no evidence of any notice in writing to the appellant of intention to repay loan on the part of the respondents. This is a condition precedent to recovery by the respondents. Section 1368, art. 10, chap. 12, R. S. 1899.

T. M. Bresnehen and Harry K. West for respondents.

(1) The evidence shows, and the court found, that there was no open, competitive bidding. The secretary states that no bid of less than sixteen per cent was ever considered by the association, and that it was an arbitrary unwritten rule of the association that all bids of less than sixteen per cent would be rejected. Where this is true, the bidding is not open, competitive bidding, and if the premium and interest together exceed the rate of interest allowed by law, the loan is usurious. (2) Appellant's counsel contends that inasmuch as the loan was made subsequent to the Act of 1895, and inasmuch as the evidence simply shows that there was no competitive bidding, the demurrer to the evidence should have been sustained. It is true that competitive bidding is not required where an association has a by-law such as is authorized by the amendment of 1895, and the loan is made pursuant to such by-law. Appellant had no such by-law, and the loan was not attempted to be made under the amendment of 1895. (3) Plaintiffs were not required to give notice, in writing, of their intention to repay their loan before bringing this suit. The statute cited and relied upon by appellant's counsel applies only to loans made in pursuance of the statutes, and not to usurious loans made in violation of the statute.

ELLISON, J.—This proceeding is. by a bill in
equity to cancel a note and deed of trust given by plain-
tiff to defendant for borrowed money.   The trial court
found there was yet due defendant on said loan the
sum of $336.78, and decreed that upon the payment of
that sum the note and deed of trust should be can-
celled.   The defendant, claiming that it was entitled to
more than that sum, duly appealed.

Defendant is a building and loan association.
Plaintiff executed his note and deed of trust to such
association on November 2, 1896, for $1,200, with eight
per cent interest from date, payable in monthly install-
ments.   The loan as shown by its date was made since
the amendment of the building and loan statute enacted
in 1895 and carried forward into the revision of 1899.
The association had a by-law adopted in 1886 and
amended in 1889, wherein it was provided that at a com-
petitive letting of loans no bid would be entertained of
less than sixteen per cent; and in answer to a question
propounded by the court, the defendant's secretary
stated that if a bid was offered at less than sixteen per
cent it was not considered.   That rate of premium for
preference of loan was an arbitrary basis to start from
in the letting.   The present loan was let at auction to
defendant at a premium of twenty-two and one-half
per cent.

As before stated, this loan is governed by the
building and loan statute now known as article 10 of
chapter 12, Revised Statutes 1899.   By the provisions
of section 2812 of the old statute of 1889, loans were to
be made by competitive bids in open meeting called by
the directors.   The section governing the manner of
making loan in the present statute is 1362, which omits
the requirement that the bids shall be in open meeting
called by the directors, but still makes it necessary
that loans shall be let to him "who shall bid the highest
premium," unless the association shall dispense with

that mode by a by-law naming a fixed premium; thus authorizing two plans upon which loans can be made.

If the loan in controversy is to be considered as having been made alone on the competitive-bid plan, then since defendant had a fixed minimum premium below which it would not permit bids, we must hold the loan to be usurious and unprotected by the statute, as decided by us at this sitting in Arbuthnot against this defendant.

But defendant insists that the loan is protected by that portion of section 1362 of the present statute which permits loans at a fixed premium. It is difficult to state our disposition of the case in a satisfactory way, from the fact that the loan may be said to have been consummated under both divisions of the statute; that is to say, under that authorizing a letting to the highest bidder and under that authorizing a fixed premium. It was, as we have said, let to the highest bidder and there was a by-law naming a fixed premium; and the bidding was not allowed to begin at less than that rate. Whether the present statute can be construed so that these associations can have both plans in force at the same time and make loans under either as they may elect, we need not decide. Neither need we decide whether, if it can have the two plans at the same time, it can, as was done in this instance, let the one loan under both plans; that is to say, fix a premium for preference and then get as much more as borrowers will bid.

It is not necessary to decide these questions from the fact that, in our view, defendant had not taken the action required by the present statute (section 1362) in order to exact a fixed premium before making the loan in controversy. The part of the section referred to reads, "that any association may, by its by-laws, dispense with the offering of its money for bids, and in lieu thereof loan or advance its money to members at such rate of interest or interests and premium as may

be provided by the by-laws, such premium to be paid in gross installments." The by-law introduced in evidence was adopted by defendant several years prior to the enactment of that statute and could not have been by its authority. But conceding (without deciding) that if a prior by-law happens to be such as is required by a subsequent statute, it would become effective and binding when recognized and acted under by both parties in interest, yet the by-law in question will still not aid defendant's case from the fact that it is not such by-law as is contemplated by the statute. The statute requires that the premium thus fixed shall be paid in gross or installments, whereas the by-law requires that it "shall be paid in advance out of the money borrowed." This substantial difference between the by-law and the statute is sufficient to render it powerless to aid defendant's case without going into other parts which might be found to be out of harmony with the statute.

Defendant suggests that the decree should be reversed from the fact that plaintiff did not give thirty days notice in writing of his intention to pay the loan before it was due by its terms, as required by section 1368, Revised Statutes 1899. That section does not contemplate that notice shall be given in instances, as here, where the loan was usurious as not being made as directed by the statute. The section referred to requires that on payments being made after notice the borrower shall be charged "with all interest, premium and fines." It is clear that this could not be applied to usurious loans, for in such case the premium is credited to the borrower instead of charged, and so is the interest above the legal rate. Some other questions presented were disposed of in the case of Arbuthnot against this defendant, to which we have above referred. The decree was proper and will be affirmed. All concur.